UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------
NORA I. MANZOLILLO,

       Plaintiff,

vs.

GEORGE L. COOKE, sued in his official
and individual capacities, and COUNTY
OF SULLIVAN,

       Defendants.
---------------------------------------------------------x



ECF CASE

05 CV. 2208

JUDGE McMahon

      By and through her attorney, Michael H. Sussman, plaintiff hereby alleges under pains and penalties:

I. **PARTIES**

      1. Plaintiff, Nora I. Manzolillo, is a female of legal age and a resident of the County of Sullivan, within this judicial district.

      2. Defendant George Cooke is the duly elected Clerk for the County of Sullivan. He resides in Rock Hill, Sullivan County, within this judicial district. Mr. Cooke is sued in his individual and official capacities.

      3. Defendant County of Sullivan is a municipal body corporate organized pursuant to the laws of the State of New York. It is sued as a party necessary to the effectuation of full and complete relief and on the basis of the acts and

omissions of its policy-makers as set forth herein.

## II. JURISDICTION

4. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. secs. 1331 and 1343 (3) & (4) and 42 U.S.C. secs. 1983 and 1988.

## III. FACTUAL ALLEGATIONS

5. On November 1, 1996, plaintiff commenced as Deputy County Clerk I, an exempt position in the New York State Civil Service.

6. In this position, plaintiff was responsible for supervising the overall operation of the Clerk's Office, approximately ten individuals, and reporting to defendant Cooke.

7. Plaintiff was highly proficient at her job.

8. Plaintiff was paid at a level lower than assistant department heads/deputies in other departments.

9. In 2003, a county commissioned study indicated that plaintiff was being under-paid, as were at least two other similarly-ranked women.

10. However, rather than remedying the inferior salaries, the Personnel Director was directed to remove plaintiff and the two other females from the list of Assistant Department heads/deputies who were to have a minimum salary of $42,500, more than $4,000 above plaintiff's then current salary.

11. Though cognizant of the wage disparity plaintiff was experiencing, the recommendation for cure and the subsequent direction that plaintiff's position be maintained at an inferior and discriminatorily low salary, defendant Cooke took no corrective action.

12. By dint of this decision, plaintiff's salary was maintained at a level inferior to that of male assistant department heads who had comparable or less responsibilities than did she in the County of Sullivan.

13. In 2004, defendant Cooke's longstanding propensity to make sexual comments or innuendoes increased and he made clear his preference to be around younger women who he deemed attractive.

14. Indeed, defendant Cooke directly expressed to plaintiff this preference, humiliating her in the process.

15. During the late summer 2004, defendant Cooke learned that plaintiff had expressed interest in purchasing a vehicle which had previously been leased by the County Department of Motor Vehicles.

16. While other high level county employees and/or their relatives engaged in arms lengths transactions with vendors and while this was condoned by county managers, in this instance, Mr. Cooke threatened to terminate plaintiff if she did not desist from any effort to purchase the vehicle.

17. Indeed, Mr. Cooke reacted in a very emotional manner when plaintiff advised that she intended to purchase the vehicle, exclaiming, "You are what...I wanted that van myself and would have purchased it for myself".

18. The following day, October 14, 2004, defendant Cooke expressed to another employee that he was quite upset with plaintiff concerning her proposed purchase of the van.

19. Later the same day, Mr. Cooke confirmed to plaintiff that she had the legal right to purchase the van and indicated that he had checked and such purchase violated no law. However, he continued to insist that buying the van would not look good, finally posing to plaintiff the choice, "What do you value/want more? The van or your job."

20. When plaintiff reiterated that she was proposing to do nothing wrong, Mr. Cooke told her, you know, Nora, at this point our association/relationship is through' and asked her to leave the office immediately.

21. In fact, plaintiff never purchased the van, losing a $200.00 deposit she had placed on it.

22. Following her termination, plaintiff contacted various county officials and asked for their assistance, either in locating another job or intervening in some other manner to control defendant Cooke.

23. On October 18, 2004, the Director of Personnel contacted plaintiff and advised her that Mr. Cooke had changed his mind and wished her to return to the office the following Wednesday.

24. On October 20, 2004, plaintiff and her husband met with defendant Cooke at his office at the Government Center.

25. During this meeting, defendant Cooke claimed that he had fired plaintiff because she had threatened to sue him, which was false, and refused to acknowledge that his actions had caused her financial loss and emotional distress. When plaintiff confronted defendant Cooke with her knowledge that he had begun interviewing people to replace her, defendant denied this.

26. Shortly thereafter, defendant Cooke simply walked out of his office and left plaintiff and her husband standing there.

27. Thereafter, county officials advised plaintiff that they were seeking to find her an alternative, comparable job, but, to this date, have not offered her one.

28. Defendant Cooke replaced plaintiff immediately with another, younger woman about whom he has repeatedly made sexually suggestive comments.

29. When plaintiff had previously advised defendant Cooke that this woman was slow and not doing a competent job, he told her that this was acceptable to him as all she had to do was "look pretty".

30. In the fall 2004, plaintiff took a class in real estate, leading to her potential licensing as a salesperson.

31. Defendant Cooke reacted with hostility to this, suggesting to others that she was looking to retire.

32. Defendant Cooke under-valued plaintiff and discriminated against her because she was a woman.

33. At all times relevant to these events, plaintiff was fully capable of ethically performing her job duties.

34. Defendant Cooke felt threatened by plaintiff's competence, independence and was determined to sever his relationship with plaintiff and terminated her because he was upset that SHE had stood up to him, on the issue of her pay, the van and the real estate training.

35. At the same time, defendant wanted to be surrounded by women he considered more attractive, younger and enhancing of his self-image.

36. Had plaintiff been a male, defendant would not have sought to curb her independence or reacted with such fury and hostility to acts which suggested her independence.

37. By dint of defendant Cooke's intentionally discriminatory conduct, plaintiff has suffered job loss, pecuniary and non-pecuniary damages and the

prospect of future financial and emotional damages.

38. By dint of the failure of their policy makers to take actions to cure or alleviate the impact of Cooke's discriminatory practices, defendant County is also liable to plaintiffs for the damages she has sustained.

39. Plaintiff has sought comparable employment without success.

## IV. CAUSES OF ACTION

40. Plaintiff incorporates paras. 1-39 as if fully re-written herein.

41. By terminating plaintiff on the basis of her gender, defendant Cooke violated her right to equal protection of the laws as guaranteed by the Fourteenth Amendment and made actionable as against him pursuant to 42 U.S.C. sec. 1983.

42. By denying plaintiff equal pay for equal work on the basis of her gender and by condoning the oppressive and selective conduct of defendant Cooke toward plaintiff and failing to cure the same, defendant County of Sullivan violated plaintiff's right to equal protection of the laws as guaranteed by the Fourteenth Amendment and made actionable against it pursuant to 42 U.S.C. sec. 1983.

## V. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Honorable Court:

a) accept jurisdiction over this cause;

b) empanel a jury to fairly decide all issues within its jurisdiction;

c) award to plaintiff compensatory damages against defendants jointly and severally with pre- and post-judgment interest;

d) award to plaintiff and against defendant Cooke punitive damages for the malicious and discriminatory conduct in which he engaged;

e) order defendant to reinstate plaintiff with back pay and benefits with pre and post-judgment interest and

f) enter any other relief which the court deems just and equitable.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

LAW OFFICES OF MICHAEL H. SUSSMAN
PO BOX 1005
GOSHEN, NEW YORK 10924
(845)-294-3991