UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

NORA MANZOLILLO,

                        Plaintiff,

 - against -                                                                        05 Civ. 2208 (CM)

GEORGE L. COOKE, sued in his
official and individual capacities, and
COUNTY OF SULLIVAN,

                        Defendants.

------------------------------------------------------------x

DECISION DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

McMahon, J:

    Plaintiff Nora Manzolillo was employed as Deputy County Clerk of Sullivan County from 1996 to 2004. As Deputy, she reported directly to George Cooke, the elected County Clerk. Plaintiff oversaw the day-to-day operations of the office and assisted Cooke in preparing budgets and periodic reports for the County legislature.

    Plaintiff asserts that, during her tenure, she was subject to persistent harassment in the form of comments by Cooke concerning her appearance and the appearance of other female employees. This conduct became worse in late 2004, with the hiring of Monika Diaz into the County Department of Motor Vehicles. Cooke allegedly made several comments about Diaz, telling plaintiff that "she has a body that doesn't quit" and that he intended to take Diaz to a meeting in Albany because of her appearance. On at least other occasion, he paraded around the Clerk's Office, in view of the public, and asked female employees to look at his new designer

underwear (he was clothed, but tried to lift up his shirt to expose his underwear).

In October 2004, plaintiff asserted that she was interested in purchasing a van that had previously been leased to the County DMV. Cooke informed her that she should acquire a letter from the dealership stating that she had not received preferential treatment as a County employee. Plaintiff balked at this suggestion, leading to a heated argument between her and Cooke. This argument ended with Cooke telling her "our association is through" and summarily firing her.

Cooke contacted plaintiff several days later, on or around October 20, and offered her the Deputy Clerk position again, "no questions asked." However, a discussion between the two led to no resolution, and plaintiff never resumed work in the Clerk's Office.

Plaintiff also asserts that her salary, which began at $25,000 in 1996 and increased to $39,086 at the time of her termination, was below salaries paid to comparable positions held by males in the County government. Plaintiff's position was a non-civil-service line, giving the County considerable leeway in setting her salary on an annual basis.[1] She points to three "Deputy" positions and one Director position in other departments, all held by men, which earned salaries in the range of $42,000 to $60,000 in 2004. Affidavit of Nora Manzolillo ¶ 16.

Plaintiff brought suit against Cooke and Sullivan County under 42 U.S.C. § 1983, claiming that she was terminated by Cooke, denied equal pay, and subjected to a hostile work environment, all on the basis of her gender and appearance and in violation of her Fourteenth Amendment rights. Cmplt. ¶¶ 41-42. Defendant now moves for summary judgment on all

---

[1] Cooke, as Clerk, had no authority to set the salaries of employees in the Clerk's Office. Those salaries were set by the legislature with input from the Department of Personnel and the County Manager, although Cooke could lobby the legislature for increased funding.

claims.

**Discussion**

Numerous questions of material fact preclude summary judgment at this stage. First, plaintiff alleges that Cooke, her immediate supervisor and an elected official in County government, was directly responsible for engaging in harassing conduct. The County does not dispute the alleged incidents, but asserts that their frequency and severity do not rise to the level of hostility required by law. That issue must be determined by a jury.

Second, plaintiff asserts that she was wrongfully terminated from her position on the basis of her gender and appearance, and defendant's averred concerns regarding her van purchase were merely pretextual. Such complaints are actionable under the rubric of "sex-plus" discrimination: discrimination against some but not all women based on their gender "plus" an additional characteristic such as appearance, pregnancy, marital status, or age. Back v. Hastings-on-Hudson Union Free Sch. Dist., 365 F.3d 107, 118 n.7 (2d. Cir. 2004); cf. Blitzer v. Potter, No. 03 Civ. 6124, 2005 WL 1107064, *10 (S.D.N.Y. May 6, 2005). Cooke's long history of harassing comments and actions, taken with his increasingly erratic behavior in late 2004, is sufficient to create a triable issue of fact as to defendant Cooke's true motivations in dismissing plaintiff as Deputy Clerk.

Defendant also claims that Cooke's offer to rehire plaintiff less than a week later, supposedly "no questions asked," acts as a bar against plaintiff's claim for wrongful termination. Defendant is wrong on three counts. First, defendant's offer to rehire plaintiff in an identical position may limit the amount of pay-related damages that plaintiff can recover, see Ford Motor Co. v. EEOC, 458 U.S. 219, 227, 102 S. Ct. 3057 (1982); and may constitute evidence in

defendant's favor as to any discriminatory intent. However, it does not constitute a total bar against plaintiff's wrongful termination claim as a matter of law.

Second, damages are not limited where an offer of re-employment is conditioned on a waiver of claim for the employer's past actions. Lightfoot v. Union Carbide Corp., 110 F.3d 898, 909, (2d Cir. 1997). Third, plaintiff challenges the good faith of defendant's purported offer. The substance of the October 20th conversation between Cooke and Manzolillo could indeed support a finding either that Cooke was acting in bad faith in contacting Manzolillo about returning to work, or that plaintiff's re-employment was conditioned on a waiver of claim. These questions also must be addressed by the jury.

Finally, plaintiff contends that she was the victim of wage discrimination. Plaintiff indicates at least three male County employees, each holding a positions comparable to her own, who receive pay up to 50% higher than her own. Affidavit of Michael Sussman, Ex. 3. She also provides the payroll records of two comparable female employees, who receive wages approximately equal to plaintiff's. Id.

Defendant, in turn, contends that it compensates its employees partially on the basis of "longevity pay," which might explain any discrepancy in compensation between plaintiff and her male comparators. It further asserts that, upon a consideration of its payroll records, plaintiff is not underpaid relative to any comparable position held by a male employee.

Whether these positions are in fact comparable to plaintiff's own, or whether defendant has succeeded in establishing the existence of a seniority pay system or other rationale to explain the difference in pay, cannot be determined at this time. This issue, as with plaintiff's other claims, must be referred to a jury.

Defendant's motion for summary judgment is denied. This Court will set a trial date for the earliest available opportunity. This constitutes the decision of the Court.

Dated: June 28, 2006

_____

U.S.D.J.